HAWTHORNE, Justice.
Plaintiff instituted this suit seeking to recover damages for the breach of a building contract to construct a dwelling in the City of New Orleans, the amount of damages prayed for being the expenses incurred for labor, materials, supplies, and extras by it in the work and the profit which it alleged it would have made if it had been permitted to complete the work according to the contract.
Defendant, the owner of the dwelling, in his answer denied that he had breached the building contract and alleged that it *943 bad been breached by the plaintiff, and reconvened for the sum of $11,497.14 alleged to be the cost of completing the construction of the dwelling as a consequence of the alleged breach of the contract on the part of the plaintiff.
After trial on the merits the trial judge rendered judgment for plaintiff in the sum of $2,315.76, of which amount $1,115.76 was for labor, materials, supplies, and extra work furnished by plaintiff, and $1,200 for loss of profit. Defendant has appealed, and plaintiff has answered the appeal, praying that the amount of the judgment be increased to $2,960.60.
Plaintiff, a partnership engaged in the contracting business, composed of Clarence M. Guidry and William M. Swayne, entered into an agreement with the defendant, Leander C. Miller, to construct for him as owner a residence for the sum of $9,497, the plaintiff agreeing to furnish all materials and labor. Of the total consideration, $1,-600 was to be paid upon the execution of the contract. An additional 20 per cent, or $1,899.40, was to be paid when the foundation was laid and the house completely framed and roughed in, if this amount was essential for the payment of materials purchased by the contractors in the construction of the dwelling. The balance of the consideration was to be paid upon completion of the work and acceptance by the owner.
After hearing all the testimony, the trial judge concluded that, when the house was completely framed and roughed in, the plaintiff called upon the defendant to pay the 20 per cent payment of $1,899.40 as stipulated in the contract, and that this payment was essential for payment on materials ; that the defendant refused to make this payment and insisted upon the plaintiff’s furnishing a performance bond, which was not called for or mentioned in the contract; that, upon plaintiff’s failing to furnish such bond, the defendant locked the toolhouse on the job, and placed a sign on the property reading “no trespassing”. Under these facts the trial judge reached the conclusion that the defendant had breached the contract. After reading the entire record, we find that his conclusion is supported by the testimony and the evidence adduced at the trial.
Article 2765 of the Civil Code provides that “The proprietor has the right to cancel at pleasure the bargain he has made, even in case the work has already been commenced, by paying the undertaker for the expense and labor already incurred, and such damages as the nature of the case may require”. With the provisions of this article in mind, we shall now consider the question of the amount or quantum due plaintiff.
Plaintiff has proved to our satisfaction the following items of expense and amount for labor paid by it or for which it is liable, to-wit:
*945 Atlas Foundation Co. foundation $ 338.00
Basile carpentry 325.00
Jeff’s Mill Works millwork 1000.00
Jahncke Service concrete 31.02
Jahncke Service reinforcing steel 18.85
Woodward Wight Co. sash balances 63.96
Owens & Sons rough hardware 43.66
American Sheet Metal Works termite shielding 55.27
Total $1875.76
The only item in this list which the defendant seriously contended was not due is that of $1,000 for millwork done by Jeff’s Mill Works, but we think plaintiff has proved this item and is entitled to recover therefor.
Plaintiff contends that there is also due it an item for labor in the amount of $825, which was over and above the amount paid to Basile for carpentry work. In the condition of the record at the present time, however, we do not think that the proof is sufficient for us to allow this claim; but, since we have concluded to remand the case in the interest of justice, plaintiff will be permitted to prove this item by competent evidence, if it can, and, in the event such proof is made, the total amount expended by plaintiff for expenses and labor will be increased from $1,875.76 to $2,700.76.
One of the partners testified that the defendant paid directly to Basile $210 which was due this carpenter under his contract with the plaintiff, and the plaintiff is not attempting to recover for this item of expense. The other items for labor and materials contended for by plaintiff were shown to have been paid by the defendant or for his credit by a building and loan association after he took over the construction of the dwelling, and plaintiff is not entitled to recover for them.
Upon remand, without considering plaintiff’s claim for profit which it would have made had it been permitted to complete the contract and its claim for alleged extras for which it is liable, plaintiff would' be entitled to a judgment in the sum of $1,-875.76 less the sum of $1,600 paid upon execution of the contract, or a total of $275.-76, plus whatever amount the lower court may ascertain to be due it under the labor item for which it is claiming $825.
The lower court awarded to plaintiff $1,200 for loss of profit. In our opinion the condition of the record doe's not justify such an award. To recover an award for profit lost by the plaintiff, it is necessary that the proof of the amount of the profit be made with reasonable certainty, and the proof should not be theoretical and speculative. Although the plaintiff contends that its profit on the job would have amounted *947 to $1,200, the testimony discloses that this was merely an estimated profit.
This court in Dugue v. Levy, 114 La. 21, 37 So. 995, 999, in construing Article 2765 had this to say: “ * * * Our article requires him [the proprietor] to pay, over .and above the expenses and labor already incurred, ‘such damages as the nature of the case may réquire.’ * * * the proprietor, on the one hand, shall have the legal right to put an end to the contract, .and the contractor, on the other hand, should be placed in as good a position as he would have been if he had been permitted to complete the contract.” (Italics ours.)
The record in the instant case establishes that the defendant, after the breach of the contract, completed the dwelling, and expended a large sum over and above the amount expended by the plaintiff and the amount for which it was liable, these items being as follows:
New Orleans Tent & Awning canvas for upstairs porch $ 22.80
New Orleans Linoleum Co. linoleum 125.00
J. E. Weber & Sons labor 440.00
Square Lumber Co. lumber 1900.00
Kirby Stansbury finish floors 185.00
Peter Judlin, Inc. sheetrock & concrete 329.00
Jno. Worner & Sons hardware 91.00
Labiche Bros. plumbing 1412.00
G. M. Chauvin painting 530.00
Groesbeck & Clotworthy siding, roofing, & sheet metal work 1206.58
Basile carpentry 210.00
Total $6451.38
In passing, it is to be noted that, with reference to the item of $1,900 listed above as paid to Square Lumber Company, defendant introduced in evidence his checks payable to that company totalling this amount, and the owner of the company testified that, so far as he could remember, the cost of all the lumber sold by it for use in the construction of the dwelling was about $1,900. On the other hand, the assistant secretary of a building and loan association testified that the association paid to the same lumber company $1,458.-82 for the account of the defendant. Under these circumstances we are unable to determine the exact cost of lumber for the construction of this building.
Although we have listed the various amounts expended by the defendant in completing the dwelling, they are not necessarily to be considered in determining the profit, if any, which would have been *949 made had plaintiff been permitted to complete the contract. Plaintiff might have been able to complete the contract for an amount less than that expended by defendant in completing the dwelling.
The correct way to ascertain the profit, if any, which plaintiff would have made had it been permitted to complete the work as contemplated by the contract and according to the plans and specifications is to ascertain with reasonable certainty just what amount it would have been necessary for the plaintiff to expend for labor and materials to complete the construction of the dwelling as contemplated by the contract and pursuant to the plans and specifications. To this amount, whatever it might be, should be added the total of the amount expended by plaintiff up to the time of the breach of the contract and the amount for which it is liable. From the contract price of $9,497 the total of these two amounts, if less, should be deducted. By this method the plaintiff will be placed in as good a position as it would have been if it had been permitted to complete the contract.
In the instant case the members of the plaintiff partnership have made no charge for the” labor each performed in the construction of the dwelling up until the time the contract was breached, and it would not be considered as a part of the cost of the dwelling. They intended to increase their profit under the contract by performing part of the labor themselves, and therefore the only way in which they can be reimbursed for their labor is to compute the profit as heretofore set out.
On remand, plaintiff may also establish by competent proof the amount, if any, that may be due for extra work and materials furnished by it but not contemplated in the contract or called for by the plans and specifications. There is no proof in the record in its present state that plaintiff expended any amount for extras or incurred any liability for them.
Since the defendant breached the contract, the judgment of the lower court dismissing his reconventional demand is correct and should be affirmed.
As we have concluded to remand the case, it is unnecessary to discuss plaintiff’s answer to the appeal seeking an increase in the amount of the judgment awarded it by the lower court.
For the reasons assigned, the judgment of the lower court dismissing defendant’s reconventional demand is affirmed, and the case is now ordered remanded to the lower court to be proceeded with consistently with the views herein expressed, and after trial therein judgment is to be rendered in favor of plaintiff for an amount found to be due by the lower court. Defendant-appellant is to pay all costs of this appeal; all other costs are to await the final trial of the case on its merits.