LOTTINGER, Judge.
This is a tort action instituted by husband and wife wherein damages are sought resulting from injuries suffered by the latter on August 17, 1962, while she was alighting from a bus belonging to the defendant. The defendant filed a plea of res judicata on the ground that plaintiffs’ claims had been settled by a compromise agreement entered into on August 27, 1962. Defendant also filed a motion and rule for summary judgment seeking the dismissal of the suit as a matter of law, to which was attached the affidavit of one Charles A. Littlejohn dated September 3, 1963, showing the execution of the receipt and release by plaintiffs and the genuineness of their signatures. A counter affidavit filed by plaintiffs challenge the facts set forth in defendant’s motion for summary judgment which was consequently denied. Evidence was heard on the plea of res ju-dicata following which same was sustained. The plaintiffs have appealed.
The matter presents only a question of fact which was resolved by the Trial Judge as follows:
“THIS IS A TORT action by Joseph R. Jones and Eula Mae Jones, hereinafter referred to as plaintiffs for brevity, and against the Greyhound Corporation, hereinafter referred to as defendants for brevity for the alleged injury to plaintiff, Eula Mae Jones’ ankle as the result of a fall she allegedly experienced as she got off the defendant’s bus in Bogalusa, Louisiana, on August 17, 1962. Defendant filed a motion for summary judgment and also a plea of res judicata. For oral reasons assigned defendants’ motion for summary judgment was overruled on September 30, 1963. The Court held the plea of res judicata open for the taking of additional testimony and on December 9, 1963, additional testimony under the plea of res judicata was taken and briefs filed by counsel. It is this plea of res judicata that is before the Court at the present time for decision.
“Without going into the merits of the case, defendant urges as grounds for it’s plea of res judicata that all claims of plaintiffs for damage and personal injuries resulting from this accident had been settled by a compromise agreement entered into between plaintiff and defendant by an instrument dated August 27, 1962, which instrument is filed in this record. This instrument is in the form of a release signed by both Eula Mae Jones and Joseph Jones, plaintiffs in this suit, and witnessed by C. A. Littlejohn. Littlejohn was an adjustor for defendant corporation. This release starts out with capital letters at it’s top ‘RELEASE OF ALL CLAIMS.’ Near the end of this instrument in capital letters there is the following phrase: ‘THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.’ Then immediately over the signatures of plaintiffs there is the following phrase, all in large capital letters ‘CAUTION: READ BEFORE SIGNING BELOW’. There is introduced in evidence a carbon copy of a check issued by defendant to plaintiff, Eula Mae Jones, for $80.00, dated August 27, 1962, on the printed form of the Southern Greyhound Lines, drawn on the First National Bank and Trust Company of Lexington, Kentucky showing the date of the accident August 17, *828 1962, claimant Eula Mae Jones, ‘In payment for all claims in accident on above date.’
“This accident happened August 17, 1962. The compromise settlement was made between the plaintiff and defendant August 27, 1962, ten days after the accident.
“At the hearing on December 9, 1962, Mr. Littlejohn, the adjustor for defendant, testified that on August 21, 1962, he had a telephone call from his employer to call on plaintiffs with the idea of adjusting this matter. Mr. Little-john testified that his company was of the opinion that there was no liability on their part but that nevertheless he was authorized to make a reasonable offer of settlement to avoid litigation, which is the custom of his company and that he called on plaintiffs to effect a settlement of this claim. He further testified that on August 27, 1962, he had a call from plaintiff, Eula Mae Jones, that she was ready to settle and that he, Mr. Littlejohn told her that while he felt there was no liability on the part of his company that he was ready to pay her $80.00 and the medical bills. Mr. Littlejohn testified that he went to plaintiff’s home, gave them a check for $80.-00 as above described and got their signature on the release, which is filed in evidence in this case. Joseph Jones, one of the plaintiffs, testified that he had not read the release that he signed and that he didn’t know what was in the release, that he only went to the seventh grade in school.
“This case does not present any very serious issues for the Court to decide, there is no allegation of fraud involved in the matter, plaintiffs admit that they signed the release and they cashed the check for $80.00. If this check for $80.00 was just for two weeks loss of wages, as claimed by plaintiffs on the part of Eule Mae Jones, why did defendants give her the check at all?
There is no possible advantage that could have accrued to defendant to give plaintiff any check for any amount unless it was a full settlement of the claim. This is not a Workmen’s Compensation-suit. Mr. Littlejohn testified that his-company did not believe they are liable-at all and that this settlement was for the purpose of avoiding litigation and it’s necessary expense.
“Housecraft Division of Southern Siding Co. v. Jones, [La.App.] 120 So.2d 662:
“Where no charge of fraud or error was made, defendants were liable for breach of contract for construction-work provided for therein, and evens though defendants testified that they were unable to read and did not know the contents of the contract when: they signed it, they were bound thereby, and could not be heard to complains that the contract should only have-provided for construction of a porch and no other work.
“If a party can read, it behooves him-to examine an instrument before signing it; and if he cannot read, it behooves him to have the instrument-read to him and listen attentively whilst this is being done. Murphy v.. Hussey, 117 La. 390, 399, 41 So. 692; Baker v. Myatt, Dicks Motor Co., 12 Orleans App. 281.
“There was some testimony that the release did not contain the amount of the-settlement of $80.00 or any other-amount, when plaintiff signed it. The Court does not attach a great deal of importance to this fact, whether the amount was or was not put into the release at the time it was signed, in the-absence of fraud. The amount of the check given to plaintiffs was $80.00 and this is the exact amount put into the-release. It’s immaterial whether this-amount was inserted into the release before it was signed, at the time it was- *829 signed, or after it was signed, just so the correct amount was inserted, as it was in this case.
“The plaintiffs are grown people, they had ten days from August 17 to 27 to think about this matter, the husband testified he went to the seventh grade. It is the obligation of a person who signs a written instrument to read it and the law says if he can’t read it, he should get someone to read it to him.
“For the reasons assigned defendant’s plea of res judicata is maintained and plaintiff’s suit dismissed at plaintiff’s costs.”
The above findings are fully substantiated by the record and the judgment appealed from is, therefore, affirmed.
Judgment affirmed.