286 So.2d 511 (1973)
PLAN INVESTMENTS OF SHREVEPORT, INC., Plaintiff-Appellant,
v.
Leonard L. HEFLIN et ux., Defendants-Appellees.
No. 12142.
Court of Appeal of Louisiana, Second Circuit.
October 10, 1973.
Rehearing Denied, November 13, 1973.
*512 Brocato & Mangham by C. P. Brocato, Shreveport, for plaintiff-appellant.
J. Rush Wimberly, III, Arcadia, for defendants-appellees.
Before AYRES, HALL, and WILLIAMS, JJ.
Rehearing Denied, En Banc. November 13, 1973.
WILLIAMS, Judge.
Leonard Guthrie, doing business as L & L Construction Company, placed aluminum siding on Leonard L. and Bessie Heflin's home and presented a conventional promissory note and mortgage to them drawn by and made payable to Plan Investments of Shreveport, Inc. The note was dated December 14, 1970, due in monthly installments and contained an acceleration clause. No payment has been made and Plan Investments, Inc. seeks judgment for the face amount of the note, interest and attorney's fees.
The Heflins deny knowledge the papers they signed were a promissory note and mortgage for improvements on their home and contend they only contracted for aluminum siding to be placed on their home for advertisement purposes. There was no price to be charged, but a commission of $100 for each sale of similar siding L & L Construction made by showing the Heflin home. The Heflins' signatures appear on the note.
The Heflins are elderly and he has only a third grade and she an eighth grade education. Consequently, the contract could not be comprehended by either of them. They plead fraud and misrepresentation as a defense. This court must decide if, as the trial court found, there was in fact a fraudulent misrepresentation made to the Heflins, and if so, is this defense good as against Plan Investments, payee of the note?
The facts reveal there were fraudulent misrepresentations made to the Heflins. They had no knowledge the instruments they signed were a mortgage and a promissory note, but relied upon the representations of Guthrie that it was an advertisement contract to show their home.
As to the validity of this defense against Plan Investments, pertinent particulars of LSA-C.C. arts. 1779, 1819, and 1847 must be taken into consideration:
Art. 1779:
"Four requisites are necessary to the validity of a contract:
* * * * * *
"2. Their consent legally given...."
Art. 1819:
"Consent being the concurrence of intention in two or more persons, with regard to a matter understood by all, reciprocally communicated, and resulting in each party from a free and deliberate exercise of the will, it follows that there is no consent ... but also where it has been produced by
* * * * * *
"Fraud; ..."
Art. 1847:
"Fraud, as applied to contracts, is the cause of an error bearing on a material part of the contract, created or continued by artifice, with design to obtain some unjust advantages to the one party, or to cause an inconvenience or loss to the other. From which definition are drawn the following rules:
* * * * * *
"2. The error must be on a material part of the contract, that is to say, such part as may reasonably be presumed to have influenced the party in making it;...
* * * * * *
"5. It must be caused or continued by artifice, by which is meant either an assertion of what is false, or a supression of what is true, ...

*513 * * * * * *
"7. The artifice must be designed to obtain either an unjust advantage to the party for whose benefit the artifice is carried on, or a loss or inconvenience to him against whom it is practiced, although attended with advantage to no one....
* * * * * *
"9. If the artifice be practiced by a party to the contract, or by another with his knowledge or by his procurement, it vitiates the contract; ..."
Fraud in a contract negates the concept of free consent, hence the court will free any victim of an obligation incurred by fraudulent means. Therefore Plan Investments, payee on the note, will be unable to enforce the obligation for it is a party to the contract and thus in the same position as Guthrie, who originally contracted with defendants and did the work on their home. However, Plan Investments argues the Heflins should still be bound for it is incumbent on a person before signing an instrument to read it, and if he can not read, then to have it read to him and listen attentively. Consequently, by signing the instruments they have bound themselves even though they were unable to read and understand the terms. This is true, but only where no charge of fraud or error is involved. Jones v. Greyhound Corp., La.App., 174 So.2d 826 (1st Cir. 1965); Housecraft Division of The Southern Siding Company v. Jones, La. App., 120 So.2d 662 (Orl.1960). The Heflins' defense is manifestly based on fraud; therefore, Plan Investments' contentions are untenable.
Plan Investments also argues cognizance should be taken of Beneficial Finance Company of New Orleans v. Bienemy, La. App., 244 So.2d 275 (4th Cir. 1971). This case held where the lender, as payee, accepts the direct obligation of the maker of a note and the maker accepts the proceeds of the obligation, any bad faith or fraudulent conduct perpetuated by another in a separate transaction cannot affect the rights of the payee under the instrument. There was a separate and distinct transaction from the original contract between buyer and seller. However, in our present case, the note, mortgage and other documents were all presented, signed and executed as one package. Thus it is easily distinguished from the situation presented in Beneficial Finance, supra.
This court finds the trial court's resolution of the issues correct.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant.
Affirmed.