691 So.2d 817 (1997)
Edna BINGHAM, Plaintiff-Appellee,
v.
RYAN CHEVROLET-SUBARU, INC., Defendant-Appellant.
No. 29453-CA.
Court of Appeal of Louisiana, Second Circuit.
April 2, 1997.
*818 Brady King, II, Monroe, for Defendant-Appellant.
Vijay Venkataraman, Monroe, for Plaintiff-Appellee.
Before NORRIS, BROWN and STEWART, JJ.
BROWN, Judge.
Plaintiff, Edna Bingham, filed suit against defendant, Ryan Chevrolet-Subaru, Inc., seeking to rescind the sale of a 1992 Chevrolet Metro. The trial court rendered judgment for plaintiff and defendant has appealed. We affirm.

FACTS
In July 1992, plaintiff, Edna Bingham, a 37-year-old first time car buyer, entered the lot of defendant, Ryan Chevrolet with the intention of buying a new car. Ms. Bingham told the salesman that she wanted a new car that would fit in her budget. She was showed two Geo Metros, one silver and one maroon. Her first choice was the silver car; however, it was a used vehicle.
On July 17, 1992, plaintiff purchased what she believed to be a new 1992 maroon Chevrolet Metro from defendant for $7,598.70. Ms. Bingham made a down payment of $700.00 and the balance was financed through Central Bank; the total cost of the vehicle, including finance charges, was $10,732.00.
The bill of sale, combination promissory note/truth in lending disclosure statement, security agreement and limited warranty agreement all described the automobile as a "new vehicle." However, the odometer and odometer statement showed the mileage of the car to be 13,132.
Upon plaintiff's initial contact with the dealership, she made known that she wanted to purchase a new vehicle. During the course of negotiations, Ms. Bingham, a resident of Wisner, Louisiana, dealt with Frank Hayes and Ken McFarland, two of defendant's salesmen.
The automobile purchased by Ms. Bingham was, in fact, not a "new vehicle," although it was represented as such. The car was previously owned by Anthony Seals, who drove the vehicle from November 1991 to July 1992. Repair bills were introduced at trial for the period of Seals' ownership indicating at least six separate serious complaints and repair attempts, including the replacement of the engine block. At trial, plaintiff testified that neither the prior ownership of the vehicle nor its repair history were disclosed to her. It was only after suit was filed that the vehicle's prior ownership and its mechanical problems were revealed.
After plaintiff's purchase, several problems arose that required servicing by defendant, including an air conditioner leak, manual transmission problems requiring the replacement of certain parts and partial rebuilding of the transmission, and a broken valve, head, intake and piston rod.
On each occasion, Ms. Bingham was required to leave the automobile with defendant. The broken valve, head, intake, and piston rod were repaired by Guice Chevrolet, Inc., in Winnsboro, Louisiana. According to Ms. Bingham, defendant refused to perform this repair, referring her to Guice Chevrolet because of its close proximity to her home. Subsequently, the car had a severe oil leakage from a faulty gasket. Again, defendant refused to repair the vehicle, stating that the *819 leak was due to poor workmanship on the part of Guice Chevrolet.
Agents/employees of Guice Chevrolet reported the vehicle as abandoned to Central Bank, the lienholder, and the vehicle was picked up from Guice Chevrolet on May 31, 1994. At the time, plaintiff was not in default as all of her payments were current. Nonetheless, the vehicle was subsequently sold by Central Bank.
On June 6, 1994, plaintiff filed suit in city court against Ryan Chevrolet-Subaru, Inc. Plaintiff asserted three theories of recovery:
(1) Rescission of the sale because of redhibitory defects;
(2) Rescission based upon a breach of the written warranty issued by defendant; and
(3) Rescission based upon alleged misrepresentations made concerning whether the vehicle was new or used.
Trial was held on January 22, 1996. In its reasons for judgment, the court found that defendant withheld information regarding the vehicle and its prior ownership and that defendant's misrepresentations falsely induced Ms. Bingham into believing that she had purchased a new vehicle. As a result, the court rescinded the sale. Defendant has appealed from the trial court's adverse judgment.

DISCUSSION
La.C.C. arts. 1953, et seq., provide for the recovery of damages, including recision of a contract and attorney fees, for fraud. The existence of fraud is a question of fact. See Recherche, Inc. v. Jewelry Jungle, Inc., 377 So.2d 1329 (La.App. 1st Cir.1979).
A factual determination may not be set aside on appeal in the absence of manifest error or a finding that it is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1979). Further, respect should be accorded the trial court's factual conclusions when such findings are based upon decisions concerning the credibility of witnesses, for only the fact finder can be aware of the variations in demeanor and voice tone that bear so heavily on understanding and believing what is said. Rosell v. ESCO, 549 So.2d 840 (La. 1989).
The trial court found in its reasons for judgment that the prior ownership and mechanical problems associated with the vehicle were not disclosed to plaintiff until after the start of litigation and that defendant's act of withholding this information from plaintiff nullified her consent as contemplated by La. C.C. arts. 1953-1958.
In our review of the record, we do not find that the trial court was manifestly erroneous or clearly wrong in its factual findings. Defendant, both by oral and written representation, held the vehicle out to Ms. Bingham as being new. Despite the mileage, there was no way that plaintiff could have determined by reasonable inspection that the vehicle had been previously owned, or that it had an extensive history of mechanical problems.[1]
A false statement with respect to the quality of the object of a contract is sufficient to vitiate that contract if the object requires any difficult or inconvenient procedure to determine the falsity of the assertion. Albert Switzer & Associates, Inc. v. Dixie Buick, Inc., 265 So.2d 313 (La.App. 4th Cir.1972). Fraud in contract negates the concept of free consent and courts will free any victim of such an obligation incurred by fraudulent means. Plan Investments of Shreveport, Inc. v. Heflin, 286 So.2d 511 (La.App. 2d Cir.1973).
Defendant argues that rescission of the sale is not proper because Ms. Bingham no longer has possession of the vehicle and can not return it. We find no merit to this argument. Defendant was paid the full purchase price of the vehicle by Central Bank, who lent the money to Ms. Bingham. The record demonstrates that Central Bank improperly seized the vehicle from Ms. Bingham although she was current with her payments. The defendant's recourse, if any, lies with the bank directly.
*820 Further, we find that defendant is not entitled to a credit for Ms. Bingham's use of the vehicle. Compensation for the buyer's use ought not be granted automatically by the courts; even the value of an extensive use may be overridden by great inconveniences incurred because of the defective nature of the thing and constant interruptions in service caused by the seller's attempts to repair. Alexander v. Burroughs Corp., 359 So.2d 607 (La.1978).
Ms. Bingham testified that on several occasions she was forced to walk to work or pay someone to take her because her vehicle would not start. This inconvenience is in addition to the many trips she had to make to Monroe from Wisner to have the various problems with the vehicle repaired. We also note that Ms. Bingham made eighteen consecutive monthly payments of $167.20 and had her wages garnished for a deficiency judgment of $6,757.13.

CONCLUSION
Defendant made material misrepresentations to plaintiff concerning the quality of the vehicle she purchased. Such misrepresentations vitiated Ms. Bingham's consent. Additionally, the substandard quality of the vehicle rendered its use so inconvenient that defendant is not entitled to a credit for that use.
Therefore, we affirm the trial court's judgment rescinding the sale and awarding of $7,598 plus the interest charged by Central Bank through May 1994 and $1,500 attorney fees. All sums are to bear legal interest from date of judicial demand. All costs are assessed to defendant-appellee.
AFFIRMED.
NORRIS, J., concurs with reasons.
STEWART, J., concurs for reasons assigned by NORRIS, J.
NORRIS, Judge, concurring with reasons.
Appeal lies from the judgment itself, not the reasons for judgment. Hardin v. Munchies Food Store, 510 So.2d 33 (La.App. 2d Cir.1987). While I do not completely subscribe to the rationale applied by the City Court to reach its result, or that utilized by the majority of this court to affirm it, I agree that the record presented will support the money judgment rendered. I therefore concur in the result.
NOTES
[1] The repair order introduced as P-6, representing work performed on behalf of Seals on February 21, 1992, shows the mileage as 15,310. The subsequent repair order for June 27, 1992, shows mileage of 13,137.