762 So.2d 1181 (2000)
Jeannette Champagne COFFEY
v.
Jerald P. BLOCK, Keith J. Labat and Coregis Insurance Company.
No. 99 CA 1221.
Court of Appeal of Louisiana, First Circuit.
June 23, 2000.
*1182 Bezou & Matthews by Robert H. Matthews, New Orleans, Counsel for Plaintiff-Appellant, Jeannette Champagne Coffey.
Hulse & Wanek by Gwendolyn S. Hebert, New Orleans, Counsel for Defendants-Appellees, Jerald P. Block, Keith Labat and Coregis Insurance Co.
Before NORRIS, CARAWAY and DREW, JJ. (Pro Tempore).
DREW, J. (Pro Tempore).
In her appeal of the judgment sustaining the defendants' exception of prescription and peremption and dismissing her legal malpractice action with prejudice, Jeanette Champagne Coffey urged that the well-pleaded allegations of her petition were sufficient to support her timely-filed action for legal malpractice based on her allegations of fraud. Coffey also objected to the trial court's refusal to find La. R.S. *1183 9:5605 unconstitutional. For the following reasons, the judgment is vacated and the matter is remanded to the trial court for further proceedings. The issue of the constitutionality of La. R.S. 9:5605 is pretermitted.
 TIME LINE
February 28, 1992 Jeannette Champagne Coffey was
 injured in an accident at Heritage
 Manor of Houma.
July, 1992 Coffey alleged that she met with
 attorney Keith J. Labat who
 asked when the accident occurred.
 Coffey told him that the accident
 occurred sometime in February or
 March 1992 before Mardi Gras.
 She was not sure of the exact
 date, but told Labat that an incident
 report was made following
 the accident. Coffey suggested
 Labat ask Ms. Laforke for a copy
 of the report. Labat and Coffey
 agreed Labat would handle the
 case on a contingent fee basis.
December 30, 1992 A contingent fee contract, effective
 December 30, 1992, was executed
 by Coffey, her husband, and
 Jerald P. Block, Labat's employer
 at the time.
January 15, 1993 Labat requested Coffey's file from
 the South Louisiana Regional Vocational
 Institute.
March 2, 1993 Labat filed suit for Coffey's personal
 injuries. Sometime around
 that time, Labat received information
 showing the accident occurred
 on February 28, 1992.
April 1993 Defendants filed an exception of
 prescription to which they attached
 an incident report showing
 the mishap occurred February 28,
 1992.
 Labat told Coffey that a hearing
 was scheduled on June 25, 1993,
 which she and her husband had to
 attend.
 Labat's secretary advised the Coffeys
 the hearing was postponed
 and would be rescheduled.
 Coffey alleged that one month
 later Labat told Coffey that he
 had met with the judge, it would
 be unnecessary for them to attend
 a hearing, and the judge told him
 he had the correct accident date
 and the case could continue.
November 20, 1996 Labat told Coffey the issue about
 the accident date was still pending
 and a hearing on defendants' prescription
 exceptions was scheduled
 for November 22, 1996.
November 22, 1996 Prescription hearing conducted.
 The exceptions were granted and
 Coffey's personal injury action
 was dismissed with prejudice.
August 20, 1997 Coffey filed this lawsuit against
 Labat, Block and their insurer,
 Coregis.
January 7, 1998 Defendants moved for a dismissal
 based upon untimeliness under
 La. R.S. 9:5605 and filed a Peremptory
 Exception of Prescription
 and Peremption.
August 21, 1998 Coffey filed an amended petition
 alleging that Labat failed to conduct
 a reasonable and adequate
 investigation, that Labat misrepresented
 the status of the litigation,
 that Labat failed to act with
 reasonable diligence and that Labat
 made a misrepresentation to
 obtain an unjust advantage and to
 cause the loss of her cause of
 action against him for malpractice.
January 29, 1999 Hearing on exception of prescription
 held.
February 9, 1999 Trial court signed Reasons for
 Judgment and the Judgment sustaining
 the defendants' exception
 of prescription and peremption
 and dismissing Coffey's suit as untimely.
At the hearing on the exception in this case, Block testified that the undated employment contract signed by him and the Coffeys was effective December 30, 1992, and referred to the accident as having occurred on March 3, 1992. Labat testified that Coffey first asked him to represent her in December 1992 concerning her injury at the nursing home that is the basis for this suit. Labat identified his correspondence seeking the incident report from the South Louisiana Vo-Tech at which Coffey was a student when the accident occurred, including a letter signed by Coffey on February 18, 1993, which referred to the accident as having taken place on March 3, 1992. Labat stated he explained the ramifications of the defendants' prescription exception to Coffey who insisted the accident took place March 3, 1993. Labat also identified his June 22, 1993 letter to Coffey which stated, "The trial judge has rescheduled our hearing to determine the exact date of your injury for June 25, 1993, at 9:00 a.m." According to Labat, someone from his office notified *1184 Coffey the hearing had been postponed. When he spoke with Coffey about a month thereafter, Labat denied he told Coffey that he had met with the judge and that everything had worked out about the accident date so the case could continue. While Labat maintained that he relied upon Coffey's statements that the accident occurred on March 3, 1992, he acknowledged stating at his deposition that he undertook an investigation to confirm the exact date of the accident. Labat said that on the day before the November 22, 1996 prescription hearing, Coffey admitted she must have gotten the accident date wrong.
Coffey testified that she was notified by a secretary about the postponement of the prescription hearing in June 1993. When she did not hear from Labat, she contacted him a month later. Labat told her that he had met with the judge who told him they had the right date for the accident and the suit could continue. She was satisfied with Labat and had him represent her on another personal injury claim during that period. At a November 20, 1996 meeting with Labat about an insurance matter concerning her husband, Labat asked if she was ready to go to court because there was still a discrepancy about the date of her injury. Although she became angry because she had believed for a long time that issue was resolved, she stated Labat calmed her by explaining they would win because of the way the dates fell over a weekend.
Coffey testified the first time she saw the Vo-Tech incident report with the February 28, 1992 accident date was at the November 20, 1996 meeting. Coffey's explanation was that she and a friend met with Labat in June 1992. Coffey told him about her accident and stated she was unsure of the time, which may have been the end of February or early March. She acknowledged telling her doctor the accident occurred the Friday before Mardi Gras. When she and her husband met with Labat in December 1992, she asked Labat about the date of the accident and he informed her it was March 3, 1992. She denied that Labat showed her doctor reports stating the accident was February 28, 1992. Coffey admitted she wrote a letter to Labat prior to the day he filed her personal injury suit in which she referred to the accident date as March 3, 1992. She acknowledged filling a complaint with the Office of Disciplinary Counsel against Labat alleging he deceived her. She also admitted that, on advice of counsel, she withdrew that complaint in a letter which stated that she had reconsidered and concluded it was a negligence problem.
At the hearing on the exception, the defendants' attorney stated that Coffey's personal injury petition stated that the accident occurred on March 3, 1992. Coffey's attorney offered the underlying court record and noted the personal injury record was available to the trial court, since it was in the same court. However, that record was not available for appellate review.
LAW
La. R.S. 9:5605 states:
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the *1185 latest within three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
C. Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional law corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, the prescriptive and peremptive period shall be governed exclusively by this Section.
D. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.
La. C.C. art. 1953 provides:
Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.

REASONS FOR JUDGMENT
The trial court observed that it was undisputed that the initial personal injury action filed by Labat for Coffey was untimely, since the accident occurred on February 28, 1992, and suit was not filed until March 2, 1993 (technically, the suit could have been timely filed March 1, 1993, since February 28, 1993 fell on a weekend). The issues were whether Labat committed a fraud on Coffey and when Coffey knew or should have known her case was in danger of prescribing.
According to the trial court, Coffey believed and related to Labat that her accident date was on or about March 3, 1992; that Coffey sent Labat a letter advising him that on March 3, 1993, it would be one year to the date of the injury; that Labat sent correspondence dated June 22, 1993 advising of the June 25, 1993 hearing on the exception of prescription, and that Coffey stated at her deposition that she knew personal injury cases prescribed one year from the date of the accident.
Emphasizing that Coffey supplied Labat with the March 3, 1992 accident date, the trial court ruled that on June 22, 1993, at the latest, Coffey knew or should have known that her personal injury action was in danger of prescribing. This legal malpractice action was not filed until August 20, 1997. The trial court also found that fraud was not applicable to this matter and ruled that the allegations in the amended petition were not fraudulent under La. C.C. art. 1953. The trial court further opined that fraud was inapplicable to this matter and that La. R.S. 9:5605 controlled the dispute. In the judgment, the trial court sustained the exception of prescription and peremption and dismissed Coffey's legal malpractice suit as untimely.

DISCUSSION
The one and three-year periods for legal malpractice actions found in La. R.S. 9:5605 are peremptive periods. La. R.S. 9:5605; Reeder v. North, 97-0239 *1186 (La.10/21/97), 701 So.2d 1291. Peremption may be raised by a party or by a court "at any time prior to final judgment." La. C.C. art. 3460. Peremption differs from prescription in several respects. Prescription prevents the enforcement of a right by legal action, but does not terminate the natural obligation. La. C.C. art. 1762(1). Peremption extinguishes or destroys the right. La. C.C. art. 3458. Public policy requires that rights to which peremptive periods attach are to be extinguished after passage of a specified period. Nothing interferes with the running of a peremptive period. It may not be interrupted or suspended and there is no provision for its renunciation. Exceptions such as contra non valentem are not applicable. Reeder v. North, supra.
The legislature's enactment in 1990 of La. R.S. 9:5605 legislatively abrogated the applicability of any other prescriptive period for legal malpractice claims and provided that this is a peremptive rather than a prescriptive period. Although peremption has been referred to as a form of prescription,[1] peremption may not be renounced, interrupted or suspended. The longest period for instituting a legal malpractice claim is three years. The only statutory exception to the three-year peremptive period is a fraud claim brought under La. R.S. 9:5605(E). McCoy v. City of Monroe, 32,521 (La.App.2d Cir.12/8/99), 747 So.2d 1234.
Coffey admits that her instant lawsuit was filed more than three years from the date of the initial negligent act of Labat. However, Coffey argues that the one and three-year time limitations do not apply to her instant suit because of the fraud exception in La. R.S. 9:5605(E). The existence of fraud is a question of fact. Bingham, v. Ryan Chevrolet-Subaru, Inc., 29,453 (La.App.2d Cir.4/2/97), 691 So.2d 817, writ denied, 97-1155 (La.6/20/97), 695 So.2d 1357. See Recherche, Inc. v. Jewelry Jungle, Inc., 377 So.2d 1329 (La.App. 1st Cir.1979), writ denied, 379 So.2d 254 (La. 1980).
Arguing that there is no exception of peremption, Coffey contends that the correct procedural device for raising the issue of peremption is the peremptory exception of no cause of action. Coffey further urges that in assessing the validity of the defendants' exception, the trial court should have followed the standards applicable to the exception of no cause of action.
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ. Proc. art. 931. Therefore, the court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. (Citations omitted.). Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La. 1993).
Coffey argues that the trial court erred in conducting an evidentiary hearing on the issue of peremption. As a general rule, the peremptory exception of no cause of action is the correct procedural device for raising the issue of peremption. Dowell v. Hollingsworth, 94-0171 (La.App. 1st Cir.12/22/94), 649 So.2d 65, writ denied, 95-0573 (La.4/21/95), 653 So.2d 572.
In paragraph XIV of Coffey's "Supplemental and Amended Petition for Damages," she makes the following allegations:
Petitioner shows that defendant, Labat, despite his ability and opportunity to do so, failed to conduct a reasonable and adequate investigation to determine the exact date of her accident. Because of this, Mr. Labat filed her lawsuit untimely and same was dismissed on prescription *1187 as set forth in the preceding paragraph. Further, petitioner shows that defendant Labat misrepresented to her the status of the prescription issue in her lawsuit arising out of The Heritage Manor of Houma accident and failed to make reasonable efforts to expedite petitioner's litigation consistent with her interests. Petitioner asserts that this misrepresentation was made with the intention by defendant to obtain an unjust advantage over petitioner and to cause her loss of her cause of action against petitioner [sic] for his malpractice.
The trial court erred in finding that the allegations of Coffey's petition did not constitute fraud. The well-pleaded allegations of fact in her supplemental and amended petition for damages are sufficient to allege fraud pursuant to La. C.C. art. 1953. Moreover, the trial court erroneously concluded that fraud was inapplicable to this matter. Because the one and three-year limitations of La. R.S. 9:5605(A) are peremptive, the fraud exception of La. R.S. 9:5605(E) is applicable to both.
Further, it does not appear on this record that the parties were given the opportunity to have a full evidentiary hearing on the fraud issue and we do not read the trial court's reasons for judgment as containing an implicit credibility determination on the issue of fraud. At the hearing on the exception, the trial court expressed uncertainty about whether the court should even receive evidence on the allegation of fraud or whether that issue should be presented to a jury. Prior to the testimony of the witnesses, Coffey's counsel objected and urged that the fraud issue should go to the jury. During testimony, the trial court specifically questioned defendants' attorney about getting into the merits of the fraud claim and instructed the attorney not to get into the merits of the claim.
While the general rule is that peremption exceptions are treated as a no cause of action exception, we decline to hold that every exception raising a peremption claim must be treated as an exception of no cause of action on which no evidence may be taken. When the fraud exception of La. R.S. 9:5605(E) is raised in a legal malpractice action, the trier of fact must examine the underlying circumstances to determine if the evidence supports such a claim in a pre-trial hearing on an innominate peremptory exception of peremption, via summary judgment procedure or at the trial on the merits of the claim. If this is treated as an attempted hearing on an innominate peremptory exception of preemption, the trial court did not give the parties a full opportunity to litigate the fraud issue. Therefore, the usual manifest error standard of review for factual findings is not appropriate under the peculiar posture of this record. Based on the foregoing, we vacate the judgment sustaining the defendants' exception and dismissing the action as untimely.
Because a remand on the applicability of the fraud exception in 9:5605(E) is required, it is not necessary for this court to address Coffey's assertion that La. R.S. 9:5605 is unconstitutional. Courts should not reach or determine whether or not a statute is constitutional unless said resolution is necessary to decide the case. Williams v. State, Department of Health and Hospitals, 97-0055 (La.12/2/97), 703 So.2d 579, 581. In the present situation, if it is determined that Labat committed fraud, then the peremptive periods will not be applicable to Coffey's claim. If the peremptive periods of La. R.S. 9:5605 are applied to this claim, then the issue of whether or not La. R.S. 9:5605 is constitutional will be ripe for adjudication.
Finally, a remand is mandated. The trial court erred in maintaining the defendants' exception of prescription and peremption. Moreover, in dismissing Coffey's claim as untimely, the trial court erred in not giving her an opportunity to amend her pleadings under La. C.C.P. art. 934 which states:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the *1188 petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.

DECREE
The trial court's judgment sustaining defendants' exception of prescription and peremption is vacated and the matter is remanded to the trial court for further proceedings. The issue of the constitutionality of La. R.S. 9:5605 is pretermitted. Costs of this appeal are assessed to the defendants.
JUDGMENT VACATED. MATTER REMANDED FOR FURTHER PROCEEDINGS.
CARAWAY, J., concurs with written reasons.
CARAWAY, J., concurring.
I concur in the majority's reversal of the trial court. The plaintiff has alleged a cause of action for fraudulent misrepresentation which is distinct from a claim for legal malpractice. Such cause of action is not facially prescribed, and its merits should not be tried summarily through an exception of prescription.
NOTES
[1] See Flowers, Inc. v. Rausch, 364 So.2d 928 (La.1978).