962 So.2d 13 (2007)
Michael Randall BARDWELL
v.
Michael FAUST.
No. 2006 CA 1472.
Court of Appeal of Louisiana, First Circuit.
May 4, 2007.
*14 Joseph P. Brantley, IV, Baton Rouge, Counsel for Plaintiff/Appellant Michael Randall Bardwell.
Michael A. Patterson, Katherine G. Eckert, Baton Rouge, Counsel for Defendant/Appellee Michael Faust.
Before: KUHN, GAIDRY, and WELCH, JJ.
GAIDRY, J.
This case presents a number of interesting procedural issues arising from a summary judgment ordering the dismissal of a formal malpractice complaint against a certified public accountant. For the following reasons, we amend the judgment, and affirm it as amended.

FACTS AND PROCEDURAL BACKGROUND
The defendant herein, Michael Randall Bardwell, a Louisiana resident, was appointed conservator of the person and estate of his stepmother, Mary Caroline Lambert Bardwell, on May 11, 2000, by the chancery court of Amite County, Mississippi. In that capacity, he retained the professional services of the plaintiff, Michael Faust, C.P.A., to assist and advise him in the management of the conservatorship's affairs.[1] Mr. Faust is a certified public accountant licensed in Mississippi, with "substantial equivalency" practice rights in Louisiana under the authority of La. R.S. 37:94.
Mr. Bardwell's actions as conservator were subsequently challenged by other family members, and he was ordered to return to the estate certain funds received by him and to show cause why he should be allowed to retain a prior court-approved fee of $27,000.00. A guardian ad litem was appointed for Mrs. Bardwell, who later filed a report recommending that Mr. Bardwell be removed as conservator and be required to render an accounting of his service as conservator. A motion was then filed on behalf of another family member *15 to remove Mr. Bardwell as conservator. On May 16, 2001, Mr. Bardwell voluntarily withdrew as conservator, purportedly on the advice and representations of Mr. Faust, who was appointed as conservator in his place. On November 2, 2001, the chancery court ordered Mr. Bardwell to return most of the $27,000.00 fee and other funds previously paid to him. The chancery court's judgment was affirmed by the Mississippi Supreme Court on July 17, 2003. In re Conservatorship of Bardwell, 849 So.2d 1240 (Miss.2003). Final judgment on these matters was rendered on June 14, 2004.[2]
On October 28, 2005, Mr. Bardwell filed a request for a public accountant review panel pursuant to La. R.S. 37:101, et seq.[3] In his request, Mr. Bardwell claimed that Mr. Faust committed malpractice and breached fiduciary duties owed Mr. Bardwell, among other acts and omissions, causing him the financial losses associated with the Mississippi litigation, as well as loss of rights "in real and personal property" (as a potential legatee of Mrs. Bardwell). The Society of Louisiana Certified Public Accountants, charged with the duty of administering the review panel procedure, acknowledged receipt of the request by letter dated November 10, 2005, and mailed a copy of the letter to Mr. Faust.
On December 21, 2005, Mr. Faust instituted the present action by filing a motion for summary judgment in the 20th Judicial District for the Parish of East Feliciana. The motion set forth the respective capacities of the parties and the asserted basis of the malpractice claim, attaching a verified copy of Mr. Bardwell's request for the review panel, and further asserted that Mr. Bardwell's claim was perempted under La. R.S. 9:5604 and should be dismissed. On December 28, 2005, the trial court signed an attached order fixing the motion for hearing on February 22, 2006.
On January 31, 2006, Mr. Bardwell moved to continue the hearing on the grounds of conflict with his counsel's calendar, and the hearing was rescheduled for *16 April 3, 2006. On March 23, 2006, Mr. Bardwell filed a pleading entitled "Response to Defendant's, [sic] Motion for Summary Judgment," alleging that genuine issues of material fact existed, and praying that the motion be denied. On the same date, he filed an opposition memorandum and four opposing affidavits.
Following the hearing on the motion, the trial court ruled in favor of Mr. Faust, with oral reasons. Its judgment granting the motion and dismissing the request for the review panel was signed on April 11, 2006. On April 21, 2006, Mr. Bardwell filed a motion for new trial, urging reconsideration by the trial court on the grounds that summary judgment was an improper method to address peremption and that the statutory exception of fraud had been adequately pleaded. The trial denied the motion for the new trial ex parte on April 25, 2006. Mr. Bardwell thereupon instituted this appeal.

ASSIGNMENTS OF ERROR
Mr. Bardwell presents two assignments of error:
(1) The district court erred when it granted Faust's motion for summary judgment.
(2) The District court erred when it denied Bardwell's motion for new trial.

STANDARD OF REVIEW
The defense of peremption was raised here by motion for summary judgment. As Mr. Faust chose to use the latter procedural device, our review of the summary judgment at issue must be a de novo review based upon the evidence presented in the trial court, using the same criteria used by the trial court in deciding whether summary judgment is appropriate. Doe v. Jones, 02-2581, p. 4 (La.App. 1st Cir. 9/26/03), 857 So.2d 555, 557-58.

DISCUSSION

The Mode of Procedure and the Procedural Vehicle
Mr. Bardwell challenges the procedural propriety of summary judgment in determining the issue of peremption, arguing that because his request for review was neither a petition nor a "pleading" and no discovery was undertaken, a motion for summary judgment was procedurally unavailable to Mr. Faust. He frames the issue as follows: "Is a motion for summary judgment the proper procedure [sic] to urge the exception of peremption to a request for review of claims by a public accountant review panel?"
Mr. Faust in turn contends that as this issue was first raised on appeal, rather than in the trial court, we should not consider it. However, the record shows that Mr. Bardwell first raised this issue in his motion for new trial, and renews his argument challenging the propriety of summary judgment in this appeal. Like the parallel review procedure of the Louisiana Medical Malpractice Act, La. R.S. 40:1299.41, et seq., the public accountant review panel procedure constitutes special legislation in derogation of the rights of tort victims, and its provisions similarly must be strictly construed. See Sewell v. Doctors Hosp., 600 So.2d 577, 578 (La. 1992), and Williams v. Notami Hospitals of La., Inc., 04-2289, p. 7 (La.App. 1st Cir.11/4/05), 927 So.2d 368, 373. Because strict compliance with the provisions of La. R.S. 37:108 bears upon the validity of the judgment, we will consider the issue of the proper procedural vehicle as part of Mr. Bardwell's first assignment of error, together with the substantive issues, and find it unnecessary to consider his second assignment of error relating to the denial of his motion for new trial. We conclude this issue is properly before us.
*17 In order to resolve this procedural issue, we must first consider the mode or type of proceeding governing the present civil action. Mr. Faust instituted the present civil action under the authority of La. R.S. 37:108, which provides:
A certified public accountant or firm, against whom a claim has been filed under the provisions of this Part, may raise any exception or defense available, pursuant to R.S. 9:5604, in a court of competent jurisdiction and proper venue at any time without the need for completion of the review process by the public accountant review panel. If the court finds that the claim was perempted prior to being filed, the panel, if established, shall be dissolved.
The statute does not precisely designate the proper procedural vehicle (or vehicles) by which "any exception or defense available, pursuant to R.S. 9:5604," may be raised. (Emphasis supplied.) By the use of the well-defined term "exception," however, it seems apparent that the legislature intended to authorize the defense of peremption under La. R.S. 9:5604 to be raised in a trial court via peremptory exception. What is less clear is whether another procedural vehicle, such as a motion for summary judgment, may also be used. But if the use of either or both of these procedural vehicles is appropriate, may the exception or motion be used as the initial procedural device to institute the action in the trial court, without the necessity of a petition, such as a petition for declaratory judgment? Mr. Bardwell's argument necessarily raises the question of whether an ordinary proceeding, as opposed to a summary proceeding, must be used to raise the defense of peremption.
Ordinary civil proceedings contemplate the use of four types of pleadings: petitions, exceptions, written motions, and answers. La. C.C.P. art. 852. The petition is the basic pleading by which a party seeks relief in an ordinary proceeding in a Louisiana court. A civil action ordinarily is commenced by the filing of a petition. 1 Frank L. Maraist & Harry T. Lemmon, Louisiana Civil Law Treatise: Civil Procedure § 6.3 (1999).
Summary proceedings are those which are conducted with rapidity, within the delays allowed by the court, and without citation and the observance of all the formalities required in ordinary proceedings. La. C.C.P. art. 2591. In addition to certain extraordinary remedies, summary proceedings may be used for trial or disposition of an issue which may be raised properly by an exception, contradictory motion, or rule to show cause. La. C.C.P. art. 2592(3). Thus, the codal definition of summary proceedings encompasses two separate concepts: (1) a "true" summary proceeding by which the parties obtain an expedited trial on the merits, and (2) a summary procedure used to determine incidental issues arising in the course of either an ordinary, summary, or executory proceeding. Maraist & Lemmon, supra § 5.3.
A summary proceeding may be commenced by the filing of a contradictory motion or by a rule to show cause, except as otherwise provided by law. La. C.C.P. art. 2593. Thus, the motion at issue initiated a "true" summary proceeding, rather than an ordinary proceeding. Our interpretation accords with the implicit purpose of La. R.S. 37:108 in expeditiously terminating the review process as unnecessary if the claim is already perempted. In summary, we hold that La. R.S. 37:108 was intended to authorize the use of a summary proceeding, instituted by the filing of either an exception or a contradictory motion raising the defense of peremption. See La. C.C.P. art. 2592(3).
*18 The rules governing ordinary proceedings are applicable to summary proceedings, except as otherwise provided by law. La. C.C.P. art. 2596. In a summary proceeding, exceptions to a contradictory motion or rule to show cause shall be filed prior to the time of trial, and shall be disposed of on the trial. La. C.C.P. art. 2593. The objection of unauthorized use of summary proceeding may be raised through the dilatory exception. La. C.C.P. art. 926(A). Mr. Bardwell did not file an exception objecting to unauthorized use of summary proceeding prior to the trial of the motion. Thus, to the extent Mr. Bardwell's argument may be viewed as an objection to the use of summary proceeding rather than ordinary proceeding, any such procedural objection would have been waived. See La. C.C.P. art. 926(B). This would be true whether the objection was directed to a "true" summary proceeding or to a motion for summary judgment incidental to an ordinary proceeding.
Although typically asserted through the procedural vehicle of the peremptory exception, the defense of prescription may also properly be raised by motion for summary judgment in an ordinary proceeding. Doe, 02-2581 at p. 4, 857 So.2d at 557. The procedural propriety of a motion for summary judgment to assert a plea of prescription has never been seriously questioned by our courts and in fact has been expressly approved, especially when there is no dispute as to the facts upon which the defense is based. Doe, 02-2581 at p. 4 n. 3, 857 So.2d at 557 n. 3. In the typical case where prescription is raised as a defense, however, the defendant will ordinarily use the peremptory exception as the procedural vehicle for pretrial determination of the issue, for the practical reason that his burden is a preponderance of the evidence, and he need not exclude all genuine issues as to material fact. Id.
In Saia v. Asher, 01-1038 (La.App. 1st Cir.7/10/02), 825 So.2d 1257, this court reviewed a judgment sustaining a peremptory exception of prescription and granting a motion for summary judgment on the issue of peremption under La. R.S. 9:5604. There, however, the public accountant review panel procedure was waived by the parties, and the plaintiffs instituted the action by filing a petition for damages in an ordinary proceeding. Citing Coffey v. Block, 99-1221, p. 8 (La.App. 1st Cir.6/23/00), 762 So.2d 1181, 1186, writ denied, 00-2226 (La.10/27/00), 772 So.2d 651, we observed that "as a general rule, the peremptory exception raising the objection of no cause of action is the correct procedural device for raising the issue of peremption." Saia, 01-1038 at p. 4 n. 5, 825 So.2d at 1259 n. 5. However, we further held that the defense of peremption could also properly be raised through the peremptory exception raising the objection of prescription. Id. We affirmed the trial court's judgment sustaining that exception, even though no evidence was introduced at the hearing, since no objection was made to the trial court's consideration of the depositions, affidavits, and pleadings submitted in connection with the alternate motion for summary judgment. Saia, 01-1038 at p. 5, 825 So.2d at 1260-61. The propriety of the alternate motion for summary judgment to raise the defense of peremption was not addressed, nor was that portion of the trial court's judgment granting that motion.
In Ascension Sch. Employees Credit Union v. Provost, Salter, Harper & Alford, L.L.C., 04-1227 (La.App. 1st Cir.6/10/05), 916 So.2d 252, a credit union filed a request for a public accountant review panel, asserting malpractice claims against its accounting firm for its failure to perform *19 certain auditing services in 1998, 1999, and 2000. The accounting firm thereupon filed a peremptory exception of prescription in the trial court as to the 1998 and 1999 claims and a motion for summary judgment as to the 2000 claim, both procedural vehicles being contained in a single pleading. Reaching the merits of the dispute, we affirmed the trial court's judgment insofar as it sustained the exception and reversed the judgment insofar as it granted the motion. Neither procedural vehicle's use for purposes of La. R.S. 37:108 was challenged by the plaintiff or questioned by this court. Ascension Sch. Employees Credit Union, 04-1227 at p. 3 n. 2, 916 So.2d at 254 n. 2.
Coffey, cited in Saia, was a legal malpractice case; therefore, it arose in an ordinary proceeding not involving a review panel procedure. The defendant attorneys filed a peremptory exception of prescription and peremption. The plaintiff argued that there was no peremptory exception of peremption, and that the proper procedural device to raise the issue of peremption was the peremptory exception of no cause of action. We agreed that the general rule was that the peremptory exception of no cause of action was the correct procedural device to raise peremption, and that the trial court therefore erred in sustaining the exception, as the petition sufficiently alleged fraud. Coffey, 99-1221 at pp. 7-8, 762 So.2d at 1186-87. However, we qualified that ruling with the following, setting out the actual rationale for our decision:
While the general rule is that peremption exceptions are treated as a no cause of action exception, we decline to hold that every exception raising a peremption claim [sic] must be treated as an exception of no cause of action on which no evidence may be taken. When the fraud exception of La. R.S. 9:5605(E) [relating to legal malpractice peremption] is raised in a legal malpractice action, the trier of fact must examine the underlying circumstances to determine if the evidence supports such a claim in a pre-trial hearing on an innominate peremptory exception of peremption, via summary judgment procedure or at the trial on the merits of the claim. If this is treated as an attempted hearing on an innominate peremptory exception of preemption [sic], the trial court did not give the parties a full opportunity to litigate the fraud issue. . . . Based on the foregoing, we vacate the judgment sustaining the defendants' exception and dismissing the action as untimely.
Coffey, 99-1221 at p. 9, 762 So.2d at 1187. (Emphasis supplied.)
The language of La. R.S. 37:108 parallels that of La. R.S. 40:1299.47(B)(2), relating to similar procedure authorized for medical malpractice review panels.[4] As the procedural purposes of the statutes are similar, they should be considered in pari materia, and jurisprudence interpreting La. R.S. 40:1299.47(B)(2) should be considered relevant in interpreting La. R.S. 37:108. See La. C.C. art. 13.
In the case of Perritt v. Dona, 02-2601, p. 16 (La.7/2/03), 849 So.2d 56, 66, the Louisiana Supreme Court interpreted La. R.S. 40:1299.47(B)(2) as precluding the filing *20 of a dilatory exception of vagueness or a peremptory exception of no cause of action in a trial court during the medical review panel stage of proceedings. The basis for that ruling was that the request for review was not a petition or a pleading, but only a "claim," and therefore not subject to challenge on the grounds of legal sufficiency in pleading. Id. The supreme court further noted that the statute expressly limited the health care provider to raising "any exception or defenses available pursuant to R.S. 9:5628 [the medical malpractice prescription statute]." It then held that "a health care provider is allowed to only assert the peremptory exception of prescription during the medical panel review stage of the proceedings." Perritt, 02-2601 at p. 15, 849 So.2d at 66. Seizing upon the latter quoted statement, Mr. Bardwell urges that La. R.S. 37:108 should be interpreted as precluding the filing of a motion for summary judgment to raise the defense of peremption. We disagree. The issue of prescription and the related issue of the proper procedural vehicles by which it could be asserted were not actually before the court in Perritt; thus, the statement is technically dictum. Reading the opinion in its entirety, it is clear that the statement must properly be interpreted as referring to the defense of prescription, whether raised through the usual peremptory exception of prescription or another appropriate procedural vehicle.
Based on the jurisprudence discussed above, we conclude that the defense of peremption in a summary proceeding instituted pursuant to La. R.S. 37:108 may be raised by a peremptory exception asserting the objection of either no cause of action, prescription, or peremption, or by a motion for summary judgment. Thus, insofar Mr. Bardwell's objection is directed simply to the character of the procedural vehicle itself, rather than to the mode of procedure, it still lacks merit.
Louisiana Code of Civil Procedure article 966(C)(1) expressly predicates the granting of a motion for summary judgment upon "adequate discovery" being accomplished, or a party at least being afforded the opportunity to undertake adequate discovery. But there is no absolute right to delay action on a motion for summary judgment until discovery is completed. Judson v. Davis, 04-1699, p. 13 (La. App. 1st Cir.6/29/05), 916 So.2d 1106, 1115-16, writ denied, 05-1998 (La.2/10/06), 924 So.2d 167. The only requirement regarding discovery in the context of summary judgment is that the parties be given a fair opportunity to present their claims. Judson, 04-1699 at p. 13, 916 So.2d at 1116.
When a trial court cannot positively determine the diligence of a party in securing evidence through discovery, it should grant a requested continuance. The continuance produces delay, but the denial of the continuance may cause irreparable injury. Matte v. Louisiana Farm Bureau Casualty Insurance Company, 95-1308, pp. 5-6 (La.App. 3rd Cir.6/12/96), 676 So.2d 713, 715.
Despite his expressed need to undertake discovery, Mr. Bardwell did not seek to avail himself of the benefit of La. C.C.P. arts. 966(B) and 967(C) by formally requesting additional time or moving for continuance of the summary judgment hearing in order to undertake discovery or to submit opposing affidavits demonstrating a genuine issue of material fact.[5] The trial *21 court thus did not err in proceeding to hear the motion for summary judgment, based upon the character of the procedural vehicle used.

Fraud as an Exception to Peremption
The peremptive statute applicable to malpractice claims against certified public accountants is La. R.S. 9:5604,[6] which provides, in pertinent part:
A. No action for damages against any accountant duly licensed under the laws of this state, or any firm as defined in R.S. 37:71, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide professional accounting service shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. . . . The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
. . . .
E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953. (Emphasis supplied.)
Louisiana Civil Code article 1953 defines fraud as follows:
Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may result from silence or inaction.
For the purpose of testing the sufficiency of a pleading, allegations of time and place are material. La. C.C.P. art. 860. Here, it is undisputed that the latest possible date triggering the running of peremption is the date of the "final" judgment determining Mr. Bardwell's liability to the estate, or June 14, 2004.[7] Given the undisputed fact that the request for a public accountant review panel was filed well over a year after the foregoing date, the validity of the summary judgment hinges upon the existence of genuine issue of material fact on the issue of fraud.
Any circumstances constituting fraud must be alleged "with particularity." La. C.C.P. art. 856. These standards relating to pleadings obviously apply with equal force to supporting or opposing affidavits *22 considered for determination of a motion for summary judgment, as the nature of the cause of action determines which facts are material for purposes of summary judgment. Our review of the factual allegations of Mr. Bardwell's verified request for the review panel, his "response" to the motion, and the affidavits reveals significant deficiency in factual particularity as to any circumstances purportedly constituting fraud.
In his request for review, Mr. Bardwell alleged that all of his losses, consisting of his liability to his stepmother's estate and his loss of "right in real and personal property," were due to Mr. Faust's "erroneous professional advice and misrepresentation" during the time Mr. Bardwell served as conservator. He alleged that prior to his replacement as conservator, he "conducted the business of the [c]onservatorship" and took certain unspecified "actions" based upon "the professional advice and guidance of Faust." He itemized Mr. Faust's "faulty misleading professional advice" as including the following "acts or omissions":
a. Malpractice in recommending Bardwell to take certain actions as [c]onservator;
b. Breach of [fiduciary [d]uty, by first advising against the dissolution of the Trusts and distributing of property while Bardwell was [c]onservator, but recommending such action when Faust was either or both [c]onservator of the [e]state and CPA for the Trusts;
c. Negligence; and [sic]
d. Actions constituting unfair and deceptive trade practices;
e. Conflict of [i]nterest in regard to a-d above.
Although the affidavits of Mr. Bardwell, his wife, his former attorney, and a nephew of Mrs. Bardwell generally track the content of the request for review, they add little additional factual detail.[8]
Mr. Bardwell contends that the statutory requirements governing the content of the request for a review panel are not as demanding as those of the Code of Civil Procedure for pleadings in a civil action, and thus any failure to particularize an allegation of fraud is excusable. Louisiana Revised Statutes 37:102(B) provides that "[t]he request for review shall set forth the name, surname, and domicile of all claimants and all defendants [and] shall contain a short, clear, and concise statement of the material facts that give rise to or constitute the claim." (Emphasis supplied.) Louisiana Code of Civil Procedure article 891, governing the form of a petition, provides that a petition "shall set forth the name, surname, and domicile of the parties [and] shall contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation." (Emphasis supplied.) If there is a significant difference between the descriptive standards of a request for review under La. R.S. 37:102 and a petition, we do not see it.[9]
*23 In ordinary proceedings, a motion is considered a pleading. See La. C.C.P. art. 852. The same holds true in summary proceedings. See La. C.C.P. art. 2593. A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes. La. C.C.P. art. 853. The request for the public accountant review panel, attached to the motion for summary judgment and verified by Mr. Bardwell's own affidavit, was therefore both part of a pleading and competent evidence to be considered for purposes of summary judgment. It should also be kept in mind that La. C.C.P. art. 856's requirement of particularity in pleading fraud applies to all pleadings in which fraud is raised as an issue, not just petitions.
The mover has the burden of proof that he is entitled to summary judgment. If the mover will not bear the burden of proof at trial on the subject matter of the motion, he need only demonstrate the absence of factual support for one or more essential elements of his opponent's claim, action, or defense. La. C.C.P. art. 966(C)(2). If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the nonmoving party must produce factual support sufficient to satisfy his evidentiary burden at trial. La. C.C.P. art. 966(C)(2). If the mover has put forth supporting proof through affidavits or otherwise, the adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. La. C.C.P. art. 967(B). Thus, after Mr. Faust established a prima facie case of peremption based upon the verified request for review and his supporting affidavits, it was incumbent upon Mr. Bardwell to produce factual support for his claim of fraud, sufficient to rebut the proof put forth by Mr. Faust on that point and to demonstrate a genuine issue of material fact.
Bare allegations of "faulty misleading professional advice," "[m]alpractice," "[b]reach of [f]iduciary [d]uty," "[n]egligence," "[a]ctions constituting unfair and deceptive trade practices," and "[c]onflict of [i]nterest," even in combination, do not rise to the level of establishing genuine issue of material fact as to a case of fraud, in the absence of specific, material factual circumstances. Significantly, Mr. Bardwell has not sufficiently alleged or demonstrated what material facts constituted "the truth" which he contends Mr. Faust misrepresented or suppressed, nor how any such claimed misrepresentation bore upon his alleged "losses." See La. C.C. art. 1953. He has not even minimally particularized the "erroneous professional advice" and "professional advice and guidance of Faust," nor the nature of his own "actions" purportedly based upon Mr. Faust's recommendations. These omissions alone are fatal to his burden of persuasion as to fraud. In short, Mr. Bardwell did not specifically allege fraud or demonstrate factual circumstances constituting fraud with any particularity in any new pleading or opposing affidavit filed with the trial court, although he had the opportunity to do so.
In summary, whether the verified request for the public accountant review panel constitutes a "pleading" or not, Mr. Bardwell has failed to adequately demonstrate a genuine issue of material fact as to the existence of fraud on the part of Mr. Faust. Such being the case, summary judgment under La. R.S. 37:108 was appropriate.
Because the filing of a request for review does not technically initiate a civil action, a court has no jurisdiction under *24 La. R.S. 37:108 to "dismiss" the potential cause of action or claim which might later be asserted in a civil action. However, La. R.S. 37:108 clearly contemplates a "finding" by the trial court that the claim is perempted, amounting to a declaration of the rights between the parties on that issue embodied in a final judgment subject to appellate review.[10] Therefore, if an ordinary proceeding for declaratory judgment is not used to raise the defense of peremption, a summary proceeding instituted by the filing of an exception or contradictory motion raising that defense under La. R.S. 37:108 implicitly seeks a summary declaratory judgment on the issue. See La. C.C.P. arts. 1872, 1877, and 1879.[11] Accordingly, under the authority of La. C.C.P. art. 2164, we must amend the trial court's judgment to delete that language dismissing Mr. Bardwell's request for review and to provide that his cause of action and claim asserted therein are declared perempted.[12] In conformity with the language of La. R.S. 37:108, we also amend the judgment to provide that the public accountant review panel, if established, be dissolved.

DECREE
The judgment of the trial court is amended to provide that the cause of action and claim of the plaintiff-appellant, Michael Randall Bardwell, asserted in his Public Accountant Review Panel Complaint are declared perempted and that the public accountant review panel, if established, be dissolved. In all other respects, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the defendant-appellant, Michael Randall Bardwell.
AMENDED AND AFFIRMED AS AMENDED.
NOTES
[1] For technical accuracy, we refer to Mr. Faust as plaintiff and Mr. Bardwell as defendant, since Mr. Faust actually instituted the present civil action, even though Mr. Bardwell occupies the capacity of claimant and Mr. Faust that of defendant in the professional malpractice claim at issue.
[2] The record does not reflect the nature of the final judgment or the court issuing that judgment, which the parties concede was rendered on June 14, 2004. We have been unable to confirm that the Mississippi Supreme Court took any further action after its decision of July 17, 2003, so we can only presume that the chancery court may have later taken some action in conformity with the Mississippi Supreme Court's decision. In its decision, the Mississippi Supreme Court expressly held that Mr. Bardwell's payment to himself of an additional $19,750.00 over a two-month period, without court approval, violated a Mississippi statute. The court also pointedly observed:

The activity in this conservatorship as revealed by the record certainly is not indicative of how a conservator should handle the affairs of a ward. In fact [Mr. Bardwell's] actions in this case are indicative of what a conservator should not do in properly representing a ward. Conservators and guardians who might be of an inclination similar to that of [Mr. Bardwell] should not expect mercy from our chancellors or the appellate courts.
In re Conservatorship of Bardwell, 849 So.2d at 1251.
[3] A previously-filed civil action in East Feliciana Parish by Mr. Bardwell against Mr. Faust was dismissed on a dilatory exception of prematurity, based upon the failure to present a prior request for a public accountant review panel and the absence of the panel's written opinion. See La. R.S. 37:105(A). Mr. Bardwell claims in his brief that he originally mailed his request for the review panel on September 16, 2005 to the temporary address of the Society of Louisiana Certified Public Accountants established following Hurricane Katrina, but that his request was returned as "unclaimed." There being no competent support in the record for this earlier mailing, we may not properly consider it. At any rate, as will be seen, its consideration would not influence the result herein.
[4] Louisiana Revised Statutes 40:1299.47(B)(2) reads as follows:

(2)(a) A health care provider, against whom a claim has been filed under the provisions of this Part, may raise any exception or defenses available pursuant to R.S. 9:5628 in a court of competent jurisdiction and proper venue at any time without need for completion of the review process by the medical review panel.
(b) If the court finds that the claim had prescribed or otherwise was perempted prior to being filed, the panel, if established, shall be dissolved.
[5] Nothing in the codal provisions relating to summary proceedings prohibits a party from propounding discovery in such a proceeding. We emphasize the fact that Mr. Bardwell actually requested and was granted a continuance of the hearing originally set for February 22, 2006, but his inability to obtain adequate or necessary discovery was not asserted as one of the grounds for his motion nor even mentioned therein.
[6] We emphasize that the parties do not contest the applicability of Louisiana law to the issue of peremption herein. It is therefore unnecessary for us to undertake an analysis of principles of conflicts of laws that otherwise might be appropriate, given the underlying facts forming the basis of Mr. Bardwell's claim.
[7] See n. 2, supra. In his argument to the trial court, Mr. Bardwell's counsel made the following judicial confession bearing upon the material fact of the operative dates:

Now, we don't really contest the periods of time that we're talking about. I mean, that's a matter that is readily discernible: the decision of the Chancery Court, the decision of the Mississippi Supreme Court.
[8] The attorney, Donald E. Walsh, and the nephew, Leslie B. Lambert, each attested to being present in the chancellor's chambers on some unspecified date or dates when Mr. Faust "re-nigged" [sic] on certain undescribed recommendations previously made to Mr. Bardwell regarding "fees and actions to be taken by the [c]onservator on behalf of the [e]state." No further explanation or description of Mr. Faust's actions in that regard were offered.
[9] We observe that in his affidavit verifying the allegations of his request for review as "true and correct," Mr. Bardwell inadvertently but tellingly refers to his request for review as "the above and foregoing Petition for Damages."
[10] If the declaratory relief is denied based upon a finding that the claim is not perempted, then any judgment overruling a peremptory exception or denying a contradictory motion would constitute a nonappealable interlocutory judgment, and the issue would be subject to reconsideration at a later time by the trial court. See, e.g., Ascension Sch. Employees Credit Union, 04-1227 at p. 14, 916 So.2d at 260.
[11] Louisiana Code of Civil Procedure article 1879 expressly provides that any issue of fact in a declaratory judgment action "may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions." This language would authorize a summary proceeding for declaratory judgment in appropriate cases, such as the situation contemplated by La. R.S. 37:108.
[12] We have a statutory mandate to render a judgment "which is just, legal, and proper upon the record on appeal." La. C.C.P. art. 2164. The purpose of article 2164 is to give the appellate courts "complete freedom to do justice on the record irrespective of whether a particular legal point or theory was made, argued, or passed on by the court below." Comment (a), La. C.C.P. art. 2164.