# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

T & T INVESTMENT CORP

VERSUS

WATKINS, APC CPA AND JACOB
WATKINS

NO. 2021 CW 0322

PAGE 1 OF 3

**DECEMBER 30, 2021**

In Re: Watkins, APC CPA and Jacob Watkins, applying for supervisory writs, 32nd Judicial District Court, Parish of Terrebonne, No. 187922.

**BEFORE: GUIDRY, McDONALD, WELCH, HOLDRIDGE, AND PENZATO, JJ.**

**WRIT GRANTED.** The district court's March 9, 2021 Amended Judgment which denied the exception of peremption filed by defendants, Watkins, APC Certified Public Accountant and Jacob Watkins, is reversed.

Plaintiff, T&T Investment Corp., filed its claims against defendants with the Society of Louisiana Certified Public Accountants ("Society") pursuant to La. R.S. 37:101, et seq., on July 25, 2018, asserting claims against defendants for errors in reporting the incorrect amount of canceled debt income and in missing an installment payment to the Internal Revenue Service pursuant to the resulting installment agreement. La. R.S. 9:5604(A) provides that no action for damages against any accountant duly licensed under the laws of this state, or any firm as defined in R.S. 37:71, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide professional accounting service shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect. The one year and three year time limitations applicable to suits against an accountant are peremptive. **Ascension School Employees Credit Union v. Provost, Salter, Harper & Alford, L.L.C.,** 2004-1227 (La. App. 1st Cir. 6/10/05), 916 So.2d 252, 256. Pursuant to La. R.S. 37:105, a claimant's filing with the Society shall be deemed as claimant's exercise of his right to seek judicial cognizance of such claim.

If evidence is introduced at the hearing on the peremptory exception, the district court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. **Deloitte Tax LLP v. Amedisys, Inc.,** 2016-1380 (La. App. 1st Cir. 5/16/18), 2018 WL 2540437 (unpublished), writ denied, 2018-0993 (La. 10/8/18), 253 So.3d 794. While prescription and peremption are different but similar legal concepts, the same rules govern the burden of proof on exceptions raising the objections of prescription or peremption. The exceptor bears the burden of proof at the trial of the exception. However, if peremption is evident on the face of the pleadings (or in this case, on the

face of the claims submitted to the Society), the burden shifts to the plaintiff to show the action is not perempted. **Id.**

With regard to plaintiff's claim against defendants for errors in reporting the incorrect amount of canceled debt income, based on the evidence presented to the district court, the claim arose from the income included by defendants in their preparation of plaintiff's 2014 income tax return, which was filed on May 19, 2015. Accordingly, we find this claim was perempted by the three year peremptive period. As a period of peremption, if a claim is not filed within three years of the alleged act, it is extinguished by peremption, regardless of whether or not it was filed within one year from the date of discovery. **Bel v. State Farm Mutual Auto. Ins. Co.**, 2002-1292 (La. App. 1st Cir. 2/14/03), 845 So.2d 377, 380, writ denied, 2003-0733 (La. 5/30/03), 845 So.2d 1057 (applying La. R.S. 9:5606, applicable to insurance agents, which contains identical peremption language to La. R.S. 9:5604).

With regard to plaintiff's claim against defendants for the missed installment payment, the claim filed with the Society states that an employee of defendants emailed Billy Coyle, a principal of plaintiff, on June 13, 2017, and informed him that she missed the February 2017 installment payment. This claim, filed with the Society more than one year after that email, appears to be perempted on its face. Plaintiff argued that defendants did not inform it that late and missed payments would result in additional penalties and interest. We note that the evidence included a notice of intent to terminate installment agreement from the Internal Revenue Service to plaintiff dated June 5, 2017 which outlines the taxes, penalties and interest "due immediately" as a result of the overdue payment. Nevertheless, in malpractice cases, courts have consistently held that there is no requirement that the amount of damages be certain before a plaintiff should be aware of a claim. See **Delahaye v. Plaisance**, 2007-1697 (La. App. 1st Cir. 5/2/08), 2008 WL 2065927 (unpublished), writ denied, 2008-1177 (La. 9/19/08), 992 So.2d 945, which was decided in the realm of prescription in a legal malpractice case alleging the attorney failed to advise of the tax consequences of acceptance of a settlement, and the court held that the fact that an exact amount of tax liability was not yet determined was irrelevant, as there is no requirement that the quantum of damages be certain or that they be fully incurred, or incurred in some particular quantum, before the plaintiff has a right of action.

For the foregoing reasons, we find that the district court was manifestly erroneous in concluding that there were issues as to discovery of the acts asserted by plaintiff which precluded granting the exception of peremption. The exception of peremption filed by defendants is granted, and the claims of plaintiff, T & T Investment Corp., asserted against defendants, Watkins, APC Certified Public Accountant and Jacob Watkins, are dismissed.

# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

**JMG**
**JMM**
**AHP**

**Welch and Holdridge, JJ.,** dissent and would deny the writ application on the showing made.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT